**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: April 22, 2026**

Tiffany Strelow Cobb
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| *In re:* | **CASE NO.: 25-55423** |
| SUPPLYBIT, LLC | **CHAPTER 7 (Involuntary)** |
| *Debtor.* | **Judge Cobb** |

### ORDER MODIFYING AUTOMATIC STAY RELATIVE TO EAG ENTERPRISES' MOTION FOR RELIEF [DOCKET NO. 27]

This matter came before the court on the *Motion of EAG Enterprises, Inc. for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* [Docket No. 27] filed by EAG Enterprises, Inc. ("EAG"). In the Motion, EAG requested relief from the automatic stay for the purpose of pursuing a civil action in the Northern District of Ohio against non-Debtor Defendants including Michael Groff and RepairBit, LLC, for claims including, without limitation, fraud, conversion, civil RICO, unjust enrichment, alter-ego liability, and related tort or equitable claims. EAG

further requested that the fourteen-day stay of effectiveness on the order imposed by Fed. R.

Bankr. P. 4001(a)(4) be waived.

IT IS HEREBY ORDERED that:

1.   The Motion shall be and hereby is GRANTED to the extent set forth herein.

2.   The automatic stay imposed by 11 U.S.C. § 362(a) is modified solely to permit EAG

to commence and prosecute a civil action in a non-bankruptcy forum against non-debtor

parties, including Michael Groff and RepairBit, LLC (the "Non-Debtor Defendants"),

asserting claims for fraud, conversion, civil RICO, unjust enrichment, alter-ego liability,

and related tort or equitable claims, subject to the limitations set forth herein, including

that EAG's ability to execute on any judgment shall be subject to the outcome of the

adversary proceeding and notice as described below.

3.   EAG shall commence an adversary proceeding in this Court within 45 days of entry

of this Order for the purpose of determining the ownership of the bitcoin allegedly mined

by SupplyBit for EAG, as between EAG and the bankruptcy estate. The adversary

proceeding shall constitute the exclusive forum for resolving the threshold question of

whether such property constitutes property of the estate within the meaning of 11 U.S.C.

§ 541. The district court litigation permitted by this Order shall proceed in parallel with,

but shall not adjudicate or purport to adjudicate, the ownership question reserved to this

Court by this paragraph.

4.   This Order does not authorize EAG to assert any claim against the Debtor,

SupplyBit, LLC, nor to pursue or enforce any claim against property of the Debtor's

bankruptcy estate, as that term is defined in 11 U.S.C. § 541.

5.    Nothing in this Order authorizes the district court to determine, and EAG shall not seek a determination from the district court of, whether any bitcoin, proceeds, equipment, or other property constitutes property of the bankruptcy estate as against the Trustee or the estate, it being understood that EAG may seek a determination of ownership as against the Non-Debtor Defendants, which determination shall have no preclusive effect as against the estate pursuant to paragraphs 9 and 10 of this Order. That determination is expressly reserved to this Court pursuant to the adversary proceeding described herein.

6.    EAG is authorized to seek preliminary injunctive relief or a temporary restraining order in the district court solely for the purpose of preserving assets pending resolution of the adversary proceeding described herein. Any such preliminary relief shall be limited to preventing the transfer, dissipation, encumbrance, or concealment of assets and shall not constitute execution on or collection from any asset alleged to constitute property of the estate. EAG shall provide notice to the Trustee and this Court by filing a notice on the docket of this bankruptcy case within 3 business days of filing any motion for preliminary relief in the district court, and shall provide copies of any preliminary relief orders entered by the district court within 3 business days of entry.

7.    In the event EAG obtains a judgment against any Non-Debtor Defendant, EAG shall not execute on any assets until the adversary proceeding described herein has been resolved. Before execution EAG shall provide notice to the Trustee identifying the assets against which execution is sought. If the Trustee does not within 14 days of such notice file a written objection asserting a colorable estate interest in the identified asset, EAG may proceed with execution against that asset without further order of this Court. If the Trustee files a timely objection, EAG shall not execute against the objected asset until

this Court has resolved the objection. This paragraph applies regardless of the characterization of assets in the district court judgment.

8.   All rights, claims, powers, and causes of action of the Chapter 7 Trustee and the United States Trustee are expressly preserved, including without limitation any rights under Chapter 5 of the Bankruptcy Code, and nothing in this Order shall be deemed to limit, waive, toll, impair, or adjudicate any such rights or claims.

9.   This Order shall not have res judicata, collateral estoppel, law-of-the-case, or issue-preclusive effect as to the ownership, characterization, or disposition of any property as between EAG, the Debtor's estate, the Chapter 7 Trustee, or any other party in interest.

10.   Any judgment, finding, or determination entered by the district court in the litigation permitted by this Order shall not have preclusive effect as to the ownership or characterization of any property as between EAG, the bankruptcy estate, the Chapter 7 Trustee, or any other party in interest, and shall not be construed to modify, limit, or adjudicate any rights of the estate with respect to such property.

11.   In the event of any conflict between the proceedings authorized by this Order and the adversary proceeding described herein, the adversary proceeding shall govern as to all questions of estate property and Trustee authority. This Court retains exclusive jurisdiction to determine all questions of estate property, and nothing in this Order shall be construed to limit that jurisdiction or to authorize any other court to make such determinations.

12.   This Order is effective immediately upon its entry and to the extent applicable the stay under Bankruptcy Rule 4001(a)(4) is waived.

13. This Court retains jurisdiction to interpret and enforce this Order.

**SO ORDERED.**

**Submitted by:**

/s/ Devin P. Owens
Devin P. Owens (106436)
Scientia Law, Inc.
1653 Merriman Rd., Suite 210
Akron, OH 44313
T: (585) 474-9710
Devin@Scientia.law

*Counsel for Plaintiff EAG Enterprises, Inc.*

**Agreed to by:**

/s/ James A. Coutinho
James A. Coutinho (0082430)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500 F: (614) 221-5988
coutinho@asnalaw.com
Chapter 7 Trustee

Copies to: Default List