**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-55423 |
| Supplybit, LLC | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge Tiffany Strelow Cobb |

**CHAPTER 7 TRUSTEE'S STATEMENT IN SUPPORT OF HOCKOMOCK MINING COMPANY'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 (DOC. 89)**

James A. Coutinho, chapter 7 trustee (the "Trustee") for the bankruptcy estate of Supplybit, LLC (the "Debtor"), submits this statement in support of the *Motion for an Order Pursuant to Bankruptcy Rule 2004 (I) Directing the Examination of the Debtor and Affiliated Entities and Individuals, and (II) Requiring the Production of Documents* (Doc. 89) (the "Motion") filed by Hockomock Mining Company ("HMC"). The Trustee takes no position on the time period, the subject matter, the identity of the examinees, or the other scope issues raised in the objection to the motion (Doc. 94) and addressed in HMC's reply brief (Doc. 100). The Trustee submits this statement so that the Court has the estate's position on one point before the September 18, 2026, hearing: an investigation of the Debtor's financial affairs by a creditor under Bankruptcy Rule 2004 assists the estate, and the Trustee's own duty to investigate is not a reason to deny or limit the Motion.

The Trustee is charged with collecting the property of the estate and investigating the financial affairs of the Debtor. 11 U.S.C. § 704(a)(1), (4). The Trustee made a preliminary request for information to the Debtor based on notes from the § 341 Meeting of Creditors, and the Debtor responded. The Trustee received material in response and has not completed his review of it. The Trustee cannot yet confirm that the Debtor's disclosures are complete.

Bankruptcy Rule 2004 makes the examination available on motion of any party in interest, not the trustee alone. Fed. R. Bankr. P. 2004(a). The objection describes the Trustee as the party primarily charged with investigating potential claims. (Doc. 94 at 3.) That description is accurate. But a creditor that devotes its own resources to examining the Debtor's principals, affiliates, and records can certainly assist in developing information that the Trustee would otherwise have to develop later. In this instance, the Trustee intends to attend the examinations, and the information developed through them will assist in and inform the administration of the estate. If the Motion is denied on the ground that the investigation belongs to the Trustee, the same inquiry will fall to the Trustee alone, which may then limit the investigation based on the Trustee's limited availability of resources.

A creditor-funded examination reaches the facts sooner and at no cost to the estate. For the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion, subject to any limitation on its scope that the Court finds appropriate, and provide such other relief as is appropriate.

Respectfully submitted,

/s/ James A. Coutinho

James A. Coutinho (0082430)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
T: (614) 221-8500 F: (614) 221-5988
coutinho@asnalaw.com
*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Chapter 7 Trustee's Statement in Support of Hockomock Mining Company's Motion for an Order Pursuant to Bankruptcy Rule 2004* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court, and (ii) by ordinary U.S. mail on September 17, 2026, addressed to the following:

None.

/s/ James A. Coutinho
James A. Coutinho (0082430)